IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

RICHARD LEWIS, JR.                                                                 PETITIONER

V.                                                NO. 1:23-CV-00062-GHD-JMV

MISSISSIPPI DEPARTMENT OF CORRECTIONS                RESPONDENT

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* petition of Richard Lewis, Jr. for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent has moved to dismiss the petition for failure to state a cognizable claim for federal habeas relief or, in the alternative, for failure to exhaust available state-court remedies. The petitioner has failed to respond to the motion, and the time for doing so has passed. Thus, the matter is now ripe for resolution. For the reasons set forth below, Respondent's motion will be granted, and the instant petition will be dismissed.

## Procedural Background

Petitioner Richard Lewis, Jr. is currently in the custody of the Mississippi Department of Corrections ("MDOC") and housed at the Wilkinson County Correctional Facility located in Woodville, Mississippi. Doc. # 1. On August 5, 2010, Lewis entered a guilty plea on a number of charges in various cases in the Circuit Court of Lee County, Mississippi. *Id.* Those charges to which Lewis pleaded guilty include: two counts of burglary and larceny of a building (CR08-744), one count of burglary and larceny of a building (CR08-696), possession of cocaine (CR10-473), kidnapping (CR10-565), and escape (CR10-566). *Id.*

Pursuant to his guilty pleas, the circuit court sentenced Lewis to serve the following sentences: (1) seven years, with three and one-half years suspended on each counts of burglary and larceny of a building in CR08-744; (2) seven years, with three and one-half years suspended

on the one count of burglary and larceny of a building in CR08-696; (3) eight years on the cocaine possession charge in CR10-473; (4) thirty years with ten years suspended on the kidnapping charge in CR10-565; and (5) five years on the escape charge in CR10-566. Doc. #s 6-9, 6-10, 6-11, 6-12, and 6-13. The circuit court further ordered that each of these sentences run concurrent to one another, but consecutive to a sentence Lewis was already serving for a grand larceny conviction (CR07-698). *See id.* Soon thereafter, on September 15, 2010, the circuit court revoked Lewis' parole on his prior grand larceny sentence because of his guilty plea on the aforementioned charges. Doc. # 6-14.

According to his MDOC time sheet, Lewis' total time to serve is twenty-five (25) years. Doc. # 6-15. The time sheet further indicates that Lewis was first eligible for parole on July 1, 2021. *See id.* And, in the absence of parole or otherwise earned early release time, MDOC projects Lewis' tentative discharge date to be August 14, 2030. *See id.* Following a parole hearing on May 31, 2022, the Parole Board denied Lewis parole due to the following reasons: "number of offenses committed", "parole unsatisfactory/violated", "institutional disciplinary reports", and because "[t]he Board believes the ability or willingness to fulfill the obligations of a law-abiding citizen is lacking, pursuant to Section 47-7-17 of the Mississippi Code Annotate as amended." Doc. # 6-16. Lewis' parole eligibility will be assessed again in four years (from the date of the May 31, 2022 denial). *See id.*

Lewis signed the instant petition for federal habeas corpus relief on April 1, 2023, and it was "filed" on the Court's docket on April 21, 2023. Doc. # 1. In his petition, Lewis argues that he has served fifty percent of his twenty-five-year sentence and, as such, believes that he is entitled to immediate release. *Id.* On April 25, 2023, the Court entered an Order directing Respondent to answer Lewis' petition on or before July 10, 2023. Doc. # 4. On July 10, 2023,

Respondent moved to dismiss Lewis' petition for failure to state a cognizable claim for federal habeas relief or, in the alternative, for failure to exhaust available remedies. Doc. # 6. To date, no response has been filed.

### Failure to State a Cognizable Claim for Federal Habeas Relief

Respondent first argues that Lewis fails to state a cognizable claim for federal habeas relief. Lewis *seemingly* argues that he has been unlawfully denied parole and that parole is mandatory because he has already served fifty (50) percent of his sentence. He further requests an expungement of these charges.

To state a cognizable claim for federal habeas relief, Lewis must allege that he has been "deprived of some right secured to him by the [United States] Constitution or the laws of the United States." *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984). Lewis' eligibility for parole, however, is determined by Mississippi law. *See* Miss. Code Ann. § 47-7-3. Because parole in Mississippi is discretionary, "prisoners in the state have no liberty interest in parole" or in "an expectation of receiving" a parole hearing. *Wansley v. Mississippi Dep't of Corr.*, 769 F.3d 309, 312 (5th Cir. 2014).

Moreover, Lewis' request for an expungement is also governed by Mississippi law. *See* Miss. Code Ann. § 99-19-71(2)(a); *see also Smith v. Cir. Ct. of Grenada Cnty., MS* (2022 WL 612345, at *1 (N.D. Miss. Feb. 8, 2022) (finding that "expungement of state felony convictions is governed by state law . . . and [the petitioner] should seek this relief from the state courts."). Federal habeas corpus petitions "based on any argument that state courts are incorrectly applying their own law [] is not a basis for [federal habeas] relief." *Id.* (citations omitted). As such, "[a]ny relief [that Lewis] is entitled to under Mississippi law must be obtained in the courts of that state." *Id.* at 313.

3

In sum, Lewis' claim challenging the denial of parole and request for expungement is premised entirely on Mississippi law. Thus, Lewis has failed to allege the deprivation of any constitutional or federal right. Accordingly, the Court finds that Lewis has failed to state a cognizable claim for federal habeas corpus relief and that his petition should be dismissed with prejudice.

## **Exhaustion of State Court Remedies**

Respondent additionally argues that dismissal is appropriate because Lewis failed to exhaust available state court remedies prior to filing this action. A petitioner must exhaust his available state court remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999). The exhaustion requirement is satisfied when a petitioner has presented his claims to the state's highest court in a procedurally proper manner and provided the highest state court with a fair opportunity to pass upon the claims. *See Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997); *see also Richardson v. Procunier*, 762 F.2d 429, 430-31 (5th Cir. 1985). If a petitioner fails to exhaust his claims prior to seeking federal habeas relief, his federal habeas petition must ordinarily be dismissed. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *see also Duncan v. Walker*, 533 U.S. 167, 178-79 (2001) ("The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack on that judgment.").

Lewis concedes that he has not raised this claim in any state court, neither trial court nor appellate court. *See* Doc. # 1. As such, the Mississippi Supreme Court, the state's highest court, has not yet had an opportunity to consider Lewis' claim(s). Lewis' failure to exhaust available

state court remedies, therefore, requires dismissal of the instant federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1) and (c).[1]

### Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2254 Proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner, and Lewis must obtain a COA before appealing this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). Because his petition for writ of habeas corpus is rejected on procedural grounds, Lewis must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should not issue in this case.

### Conclusion

For the reasons set forth herein, Respondent's Motion to Dismiss [6] will be **GRANTED**, and the instant petition for a writ of habeas corpus will be **DISMISSED with prejudice**. The Court further **DENIES** a certificate of appealability. A separate judgment in accordance with this opinion and order will enter this day.

**SO ORDERED**, this the 22 day of August, 2023.

_____
**SENIOR U.S. DISTRICT JUDGE**

---

[1] The Court further finds that no "good cause" exists for Lewis' failure to exhaust his claims in State court prior to filing the instant federal habeas petition, and it determines that a stay and abeyance is inappropriate in this case. *See Rhines v. Weber*, 544 U.S. 269, 270 (2005)(holding that in "limited circumstances," a federal court may stay a habeas petition in order to allow the petitioner to litigate his unexhausted state claims in State court before returning to federal court).

5